IN RE BEASLEY

[151 N.C. App. 569 (2002)]

Affirmed.

Judges HUDSON and CAMPBELL concur.

———————

IN THE MATTER OF: DOUGLAS A. BEASLEY, ATTORNEY AT LAW

No. COA01-1270

(Filed 16 July 2002)

**Attorneys— suspension of license—jurisdiction of trial court to enter consent order**

The trial court had jurisdiction to enter a third interim consent order between the parties suspending petitioner's law license for one year for alcohol abuse and also had the authority to deny petitioner's request for the reinstatement of his license to practice law, because: (1) the courts of this State have inherent authority to regulate the conduct of attorneys practicing in the State; and (2) N.C.A.C. 1D .0617 allows the trial court to enter an order suspending a lawyer's license if the lawyer consents to such suspension, and petitioner consented to the suspension imposed in the third interim consent order.

Appeal by petitioner from order entered 23 July 2001 by Judge Russell G. Walker in Randolph County Superior Court. Heard in the Court of Appeals 13 June 2002.

*J. Jane Adams, for petitioner-appellant.*

*North Carolina State Bar, by Michael D. Zetts, III, for respondent-appellee.*

MARTIN, Judge.

Petitioner-appellant Douglas A. Beasley suffers from alcohol addiction. Beginning in 1994, the North Carolina State Bar's Positive Action for Lawyers ("PALS") program began working with petitioner-appellant in an effort to assist him in recovery. Following reports received by PALS in 1996 that petitioner-appellant was appearing in court while intoxicated, petitioner-appellant entered into a rehabilitation contract with PALS which required that he refrain from alcohol and drug use and fulfill other conditions as a part of a structured

recovery plan. He breached the rehabilitation contract by using alcohol and by appearing in court while under the influence of alcohol. On 17 September 1997, petitioner-appellant and W. Donald Carroll, Jr., a representative of the State Bar's PALS Committee, consented to the entry of a "Consent Order *In Camera*" by the Randolph County Superior Court wherein petitioner-appellant accepted the suspension of his law license; the suspension was stayed pending petitioner-appellant's maintaining a program of recovery and abstaining from all alcohol use. On 15 November 1997, however, petitioner-appellant was arrested for driving while impaired. Following treatment for chemical addiction, petitioner-appellant again relapsed in December 1997.

On 24 February 1998, petitioner-appellant and Carroll consented to the entry of an "Interim Consent Order *In Camera*," which stayed the suspension of petitioner-appellant's law license for a period of two years contingent on petitioner-appellant's adherence to several conditions, including the total abstention from all mind-altering substances, the completion of 90 Alcoholics Anonymous (AA) meetings, and submission to random urine and/or blood tests. Petitioner-appellant failed to adhere to these conditions, and a "Second Interim Consent Order *In Camera*" was signed on 5 June 1998. Petitioner-appellant's law license was suspended for one year, with the suspension once again stayed contingent on petitioner-appellant's abiding by certain mandatory conditions. Petitioner-appellant violated this consent order when he was involved in a single car accident resulting from his alcohol intoxication on 21 August 1998; he was charged with driving while impaired in the accident.

On 25 February 1999, petitioner-appellant and Carroll consented to the entry of a "Third Interim Consent Order *In Camera*." The order stated, as had the orders preceding it, that the court's authority in the matter was based upon G.S. § 84-21 and 84-28, as well as 27 North Carolina Administrative Code 1D, Section .0600, entitled, "Rules Governing the Lawyer Assistance Program." This order suspended petitioner-appellant's law license for one year, with the first six months of the suspension activated.

On 8 November 2000, petitioner-appellant filed a petition seeking reinstatement by the court to active status with the North Carolina State Bar. He alleged, among other things, that he had remained sober since 6 November 1999. On 23 July 2001, the trial court entered its order denying petitioner-appellant's petition for reinstatement. The trial court found that following the third interim consent order, petitioner-appellant tested positive for addictive pain medication,

missed several scheduled drug screening tests, and tested positive for alcohol. The trial court concluded as a matter of law that petitioner-appellant did not produce sufficient evidence of his compliance with 27 N.C.A.C. 1D .0616(i), as well as with the provisions of the third interim consent order. Petitioner appeals.

Petitioner-appellant argues that the trial court did not have jurisdiction to enforce the third interim consent order and continue the suspension of petitioner-appellant's license to practice law. We disagree.

The courts of this State have inherent authority to regulate the conduct of attorneys practicing in the State:

> "Attorneys are answerable to the summary jurisdiction of the court for any dereliction of duty except mere negligence or mismanagement. A court may enforce honorable conduct on the part of its attorneys and compel them to act honestly toward their clients by means of fine, imprisonment or disbarment. The power is based upon the relationship of the attorney to the court and the authority which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice."

*In re Burton*, 257 N.C. 534, 542-43, 126 S.E.2d 581, 587-88 (1962) (citation omitted). The trial court's power to discipline attorneys "is not dependent upon statutory authority, but arises because of a court's inherent authority to take disciplinary action against attorneys licensed to practice before it." *In re Paul*, 84 N.C. App. 491, 499, 353 S.E.2d 254, 259, *cert. denied*, 319 N.C. 673, 356 S.E.2d 779 (1987), *cert. denied*, 484 U.S. 1004, 98 L. Ed. 2d 646 (1988) (citations omitted).

> Unprofessional conduct subject to this power includes "misconduct, malpractice, or deficiency in character" and "any dereliction of duty except mere negligence or mismanagement." This power to discipline or disbar attorneys is essential in order that the court may protect itself from fraud and impropriety and to serve the administration of justice.

*Id.* at 499-500, 353 S.E.2d at 259-60 (citations omitted).

Chapter 84 of the North Carolina General Statutes, entitled "Attorneys-at-Law," provides for the manner and method of regulation of the legal profession. Article 4 creates the North Carolina State

Bar as an agency of the State. N.C. Gen. Stat. § 84-15 (2001). The State Bar, through a governing "Council," G.S. § 84-17, is granted "the authority to regulate the professional conduct of licensed attorneys." N.C. Gen. Stat. § 84-23 (2001). Among other powers, the Council may "investigate and prosecute matters of professional misconduct" and "grant or deny petitions for reinstatement." *Id.* Nevertheless, "[n]othing contained in this Article shall be construed as disabling or abridging the inherent powers of the court to deal with its attorneys." N.C. Gen. Stat. § 84-36 (2001).

Petitioner-appellant argues that the trial court, in the third interim consent order, was limited in its authority to impose an active suspension exceeding 180 days based on the language of 27 N.C.A.C. 1D .0616, which states:

If it appears that a lawyer's ability to practice law is impaired by substance abuse and/or chemical addiction, the board, or its duly authorized committee, may petition any superior court judge to issue an order, pursuant to the court's inherent authority, suspending the lawyer's license to practice law in this state for up to 180 days.

Petitioner-appellant's argument, however, fails to recognize that the court's inherent authority to regulate the conduct of attorneys is not limited by the North Carolina Administrative Code. *See Burton,* 257 N.C. 534, 126 S.E.2d 581 (nothing in the statutes abridges the inherent power of the court to deal with its attorneys). 27 N.C.A.C. 1D .0616 simply limits the relief the North Carolina State Bar may seek from the court when it petitions the court to act in the event an attorney is found to be impaired by substance abuse or a chemical addiction; it does not and can not limit the inherent authority of the court to act. In any event, notwithstanding petitioner-appellant's argument, the instant case is governed not by Section .0616 but by Section .0617. *See* 27 N.C.A.C. 1D .0617 "Consensual Suspension" ("Notwithstanding the provisions of 27 NCAC 1D .0616 of this Subchapter, the court may enter an order suspending a lawyer's license if the lawyer consents to such suspension. The order may contain such other terms and provisions as the parties agree to and which are necessary for the protection of the public.") In this case, petitioner consented to the suspension imposed in the third interim consent order.

For the reasons stated above, the trial court in this case had jurisdiction to enter the third interim consent order between the parties, and also had the authority to deny petitioner's request for the rein-

statement of his license to practice law. Petitioner's assignments of error to the contrary are overruled.

Affirmed.

Judges TYSON and THOMAS concur.